IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10077
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BRADLEY RAY SARGENT,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-75-A-1
- - - - - - - - - -
August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Bradley Ray Sargent contends that the district court

erroneously enhanced his sentence for obstruction of justice and

denied him a downward adjustment for acceptance of

responsibility.  The standard of review with respect to upward

adjustments for obstruction of justice and with respect to the

denial of an acceptance-of-responsibility adjustment is "clearly

erroneous."  See United States v. Winn, 948 F.2d 145, 161 (5th

---

[*]      Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Cir. 1991), <u>cert. denied</u>, 503 U.S. 976 (1992); <u>United States v. Watkins</u>, 911 F.2d 983, 984 (5th Cir. 1990).

Section 3C1.1 of the sentencing guidelines specifically contemplates the use of the obstruction enhancement when a defendant either obstructs or "attempts" to obstruct justice. U.S.S.G. § 3C1.1.  The district court made a separate factual finding at sentencing that it was "satisfied that [Sargent's] goal was to cause those people to give false testimony or a false affidavit in exchange for restitution, so to speak.  I consider that to be obstruction of justice."  Even viewed in the light most favorable to Sargent, the affidavits evidence Sargent's attempt to obstruct justice.

A defendant who receives an offense-level enhancement for obstruction of justice qualifies for a reduction based on acceptance of responsibility only in extraordinary circumstances. § 3E1.1, comment. (n.4).  "Conduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."  <u>Id.</u>

The district court did not clearly err in determining that Sargent's conduct warranted the obstruction-of-justice enhancement and that he was not entitled to a reduction in his offense level for acceptance of responsibility.  Sargent's sentence is AFFIRMED.